RECEIVED

NOV 02 2020

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DAVID A. JOHNSON**

       Plaintiff,

vs.

       CASE NO.: **1:20CV880**

**SIEMENS INDUSTRY INC.**

       Defendant.

J. BARRETT

MJ. LITKOVITZ

## COMPLAINT FOR DAMAGES

COMES THIS DAY, Plaintiff David Johnson ("Plaintiff" or "I" "me" or "my") who complains against Siemens Industry Inc. ("Defendant" or "Siemens"). Plaintiff brings his discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"); and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*. Plaintiff also brings claims directly against Defendant for its unlawful retaliation against Plaintiff in violation of Title VII during the actionable period, and seeks equitable relief, actual damages, and attorney's fees and costs for those violations.

### JURISDICTION AND VENUE

1.    Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704(a), 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), 2000e-5(f)(3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, Ohio Revised Code §§ 4112.02, 4112.99, and the Rehabilitation Act, 29 U.S.C. § 794;

(2) race discrimination in violation of 42 U.S.C. § 1981 and Ohio Revised Code § 4112.99; (3) retaliation in violation of 42 U.S.C. § 1981 and Ohio Revised Code §§ 4112.02, 4112.99.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio.

### PARTIES

3. My name is David A. Johnson. My address is 2515 Meyerhill Drive, Cincinnati, Ohio 45211. My telephone (513) 289-7504. I am the Plaintiff in this action, proceeding *pro se*. I am an African American, Male, who is 53 years old, and therefore a member of a protected class.

4. The name of the employer that I am filing this *Complaint for Damages* against is Siemens Industry Inc. ("Work"). Their address 4620 Forest Ave, Cincinnati, OH 45212. Their telephone number is (513) 272-4500.

5. Defendant Siemens Industry Inc. is a FOREIGN CORPORATION registered with the Ohio State Corporation, which is assigned Entity #: 1038340. Defendant Siemens Industry Inc. can be served with via its registered agent, to-wit:

> CT CORPORATION SYSTEM
> 4400 EASTON COMMONS WAY
> SUITE 125
> COLUMBUS OH 43219[1]

6. Defendant has more than 15 employees. Defendant engaged in disability discrimination in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq, Ohio Revised Code §§ 4112.02, 4112.99, and the Rehabilitation Act, 29 U.S.C. § 794; (2) race discrimination in violation of 42 U.S.C. § 1981 and Ohio Revised Code § 4112.99; (3) retaliation in violation of 42 U.S.C. § 1981 and Ohio Revised Code §§ 4112.02, 4112.99.

---

[1] https://businesssearch.ohiosos.gov/ (Last viewed on October 31ˢᵗ, 2020).

## **GENERAL ALLEGATIONS**

### *Disability Discrimination Under Title VII, ADA, Rehabilitation Act*

7. More than thirty days prior to the institution of this lawsuit, Plaintiff, a former employee of Defendant, filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. A true and complete of Defendant's *Dismissal and Notice of Rights* and *Notice of Suit Rights* issued by the U.S. Equal Employment Opportunity Commission on August 13th, 2020, is attached hereto as Plaintiff's Exhibit A.

10. Plaintiff David Johnson is an individual with a disability.

11. Plaintiff was hired by Defendant as a Utility Cleaner, on or about September 9th, 2019.

12. At all times relevant hereto, Plaintiff was qualified for his job with or without reasonable accommodations.

13. In September of 2019, I turned in my Doctor's Note for my American with Disabilities Act reasonable accommodations to Siemen Industries Inc.'s Human Resources Department and their company nurse, which explains that I have a disability, and which reasonable accommodations I required.

14. On or about October 8th, 2019, I told my supervisor Mr. Kroeger that I am on ADA and that I take medication. He let me have my accommodations.

15. On or about January 7th, 2020, after explaining to manager Lyle Baylor, in his office, that I am on ADA, that due to my disability, I needed to check my blood sugar, and potentially inject insulin. I also told him that I turned in my paperwork from my doctor a few weeks after I got hired and that I requested accommodations on my job application when I applied for this job.

Therefore, at all times relevant hereto my managing supervisor was duly aware of my disability and my reasonable accommodations.

16. On or about January 17th, 2020, 10 days later, I was told by a white, male, second shift supervisor, that I was not allowed to take my medication on company time. This was in my shop area, while I was doing my paperwork and attempting to my taking life sustaining and doctor prescribed medication. Took sick time, the harassment made me my disease worse.

17. On or about January 23rd, 2020, I was subject to ongoing harassment by my Supervisors, which made my disease and medical conditions exasperate.

18. Due to my supervisors refusing to allow me to check my blood sugar of take my medication, on or about January 23rd, 2020, 911 was called, and EMS determined that I was having a medical emergency, who took me to the hospital.

19. As a Direct and Proximate cause of his disability, even though he was qualified for his job with or without reasonable accommodations, Plaintiff was unlawfully terminated on January 23rd, 2020, by the Defendant and therefore sustained suffered an adverse employment action because of his disability.

### Discrimination Based Upon Race and Ethnicity

20. Plaintiff David Johnson is an African American, Male, aged 53 years, and therefore a member of a protected class.

21. At all times relevant hereto, Plaintiff was qualified for his position.

While working for the Defendant, everyone in my workshop was white, I was the only black. From day one, I was treated differently by my Supervisors than other similarly situated employees.

22. Mr. Kroeger told me I am doing a good job. He got more work out of me, than Wade. the co-worker that had this job.

23. On or about November 4th, 2019, when I was in the office with the work crew, Mark Phair who is a supervisor of the house keeping contractors, told me to do a job that was not within my job description, and to work with other house cleaning personnel. He was not my immediate supervisor. Mark Phair is a white male.

24. On or about October 9th, 2019, I received a one-month review. I was told by Mr. Kroeger that it was his first time he did a one-month review of an employee. My co-worker, Jesse who is a white male, said to me he never received the same treatment.

25. On or about October 10th, 2019, while working in the factory, a worker got close to hitting me with the Defendant's forklift. I moved from being hit, ending up outside the garage door. A white supervisor screamed at me front of many co-workers. When I explain I was moving from being hit, he did not stop screaming. The supervisor never yelled at the white employees as he did me. His actions were a direct and proximate cause of my race and ethnicity.

26. On or about October 11th, 2019, Lyle Baylor – Manager, came to me as I was working and wanted to know what happened on October 10th, 2020, regarding screaming supervisor. He told me he will review the Defendant's security camera and investigate the incident. Notwithstanding, nothing ever became of Mr. Baylor's alleged investigation.

27. On or about October 17th, 2019, two, white, union stewards, named Nick and Jesse, went into my personal logbook. My logbook says "hands off" with my name on it.

28. On or about November 19th, 2019, a white co-worker had an outburst towards me because I said he was a "baller." I immediately told Mr. Kroeger.

29. On or about December 16th, 2019, I was told by Jessie, who a co-worker like me, and a Union Stewart, that he was filling in for my supervisor, who is off for a back operation.

30. On or about December 20th, 2019 I was ordered around by a contractor, who is not my boss, by Mark Phair, who is a white male.

31. On or about December 29th, 2019 I was told by Jesse, a SIEMENS boss will be helping him out, and that I cannot use my desk anymore. All of my things that I had on the desk had to be moved. This boss was Dennis Baker, who is a white male.

32. On or about January 6th, 2019. I was being stalked while trying to take my medication. This stalker was (Otis Smith). I Went to the union president and chief steward about the stalker and Mark the contractor. It went nowhere. All were white males.

33. On or about January 6th, 2019, a black, female, co-worker, told me at work she had experienced some of the same behavior by Otis Smith. Later that night the stalker was continuing to stalk me, coming from restroom. It was Otis Smith.

34. On or about January 6th, 2019, there were all white males in the meeting (save myself) when I complained to my supervisor about the stalker and being treated differently the other similarly situated white supervisors. I was confronted with hostility

35. On or about January 14th, 2019, I was the only black worker on third shift forced to be move to 1st shift. My co-workers were all white in the DPM. They made black jokes to me because I am black.

36. On or about January 15th, 2020, I received a false write-up, alleging that I was not doing my job., and for being argumentative. It was explained to me that it was from some incident that took place months prior to the date the write-up was being issued. I ask why it took 3 months to know recycling is my job.

## Retaliation

37. On or about January 9th, 2020, I was told to do a job I felt unsafe doing, to-wit: to drive a big floor sweeper in a tight area. Later in the office, a supervisor Mr. Baker question me why I did not run the sweeper. When I told him that I was untrained on the machine and therefore I believed it to be unsafe. He expressed an angry outburst, yelling and throwing his arms up in the air.

38. On or about January 14th, 2020, Mr. Baker told me in the office my job my from 3 shift to 1st shift. Management know I work a 1st shift job. That it was agreement which is why I took 3rd shift. My supervisor told to me, the only way I go on 1st shift, when business is slow when everyone on 3rd shift will go on 1st shift.

39. On or about January 14th, 2020, my co-worker in the DPM I work was all white males in made black jokes about me. But I got a write up for saying baller to a white co-worker.

I was told by a white supervisor; I am not allowed to take my medication on company time.

40. Mr. Kroeger as me to assist, a maintenance co-worker Jessie. A maintenance clean-up job.

## LEGAL CLAIMS

41. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

42. By their conduct above, Siemens have violated Title I of the ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630, which mandate that covered employers, such as Siemens, not discriminate against qualified individuals on the basis of disability in employment practices. 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4.

43. An employer discriminates against an otherwise qualified individual on the basis of disability when it does not make "reasonable accommodations to the known physical or mental

limitations" of the individual, unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business . . . ." 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a).

44. Siemens knew Plaintiff had a disability since at least 2019 when he filed a grievance relating to his diabetes.

45. Plaintiff requested reasonable accommodations, but Siemens never meaningfully considered or offered Complainant any form of reasonable accommodation to perform the position of Custodian.

46. During all relevant times, Plaintiff was qualified for the Utilities Cleaner position with Siemens because he could perform the essential functions of the job with reasonable accommodations. 42 U.S.C. § 12111(8), 29 C.F.R. § 1630.2(m).

47. As a result of Siemens' discriminatory conduct, Plaintiff suffered and continues to suffer damages.

## COUNT I
### *Discrimination Based on Plaintiff's Disability*

48. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

49. Plaintiff is an individual with a disability.

50. Plaintiff is otherwise qualified for his job with or without a reasonable accommodation.

51. Plaintiff suffered an adverse employment action because of his disability.

## COUNT II
### *Racial Discrimination Claim*

52. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

53. Plaintiff is a member of a protected class.

54. Plaintiff was qualified for his position with or without any reasonable accommodations.

55. Plaintiff suffered an adverse employment action

56. The adverse action occurred under circumstances giving rise to an inference of discrimination.

### COUNT III
### *Retaliation*

57. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

58. Plaintiff participated in a protected activity.

59. A materially adverse action taken by the employer

60. There exists a requisite level of causal connection between the protected activity and the materially adverse action.

### COUNT VI
### *Hostile Work Environment*

61. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

62. Plaintiff was subjected to bad conduct that was motivated based on Plaintiff sex, color, race, religion, age, disability, genetic information, or national origin, which was so intimidating, hostile or offensive that a reasonable person would not be able to bear it.

63. Defendant's conduct occurred over a long period of time and severely impacted the Plaintiff's work.

64. Defendant's bad conduct materially altered the terms and conditions of employment and was pervasive.

65. The Defendant is liable because the Defendant knew about the bad conduct of the Defendant's co-workers and supervisors and failed to take reasonable steps to stop this behavior, thereby creating or allowing a hostile work environment.

## **PRAYER FOR RELIEF**

66.  As illustrated above, I believe that I was discriminated and retaliated against by the individuals designated above due to my filing of grievances against Siemens and, by same said individuals, denied adequate and reasonable accommodations for my disability, tantamount to deliberate indifference, because, same said individuals knew of, and disregarded my serious medical needs that has and apparently will continue to cause me undue hardship, and put me at a serious risk of medical complications at no fault of my own, who also discriminated against me on the basis of race, sexual orientation, and religious belief while knowingly and intentionally maintaining a hostile work environment.

67.  Wherefore, the Commission respectfully requests that this Court:

   A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees who complain about discrimination;

   B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who exercise their federally protected rights to complain about discrimination and which eradicate the effects of its past unlawful employment practices;

   C.   Order Defendant to make whole Mr. Johnson by providing appropriate backpay with prejudgment interest, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement or front pay;

D. Order Defendant to make whole Mr. Johnson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and medical expenses;

E. Order Defendant to make whole Mr. Johnson by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

F. Order Defendant to pay Mr. Johnson punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

G. Order Defendant to provide training to its officers, managers and employees regarding discriminatory harassment and retaliation in the workplace;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

/s/ David A. Johnson

Mr. David A. Johnson
2515 Meyerhill Drive
Cincinnati, Ohio 45211
(513) 289-7504
dplayer39@yahoo.com

11 | Complaint for Damages
*David Johnson v. Siemens*

## VERIFICATION

I hereby realleges the foregoing paragraphs as if fully set forth herein. All exhibits attached hereto are hereby incorporated by reference as if fully set forth herein.

Pursuant 28 U.S. Code § 1746, I, the undersigned, Mr. David A. Johnson, declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct, and as to those statements made upon information and belief, I believe them to be true and correct to the best of my information and belief.

Executed at Cincinnati, Ohio, on October 31st, 2020.

/s/ David A. Johnson
Mr. David A. Johnson
2515 Meyerhill Drive
Cincinnati, Ohio 45211
(513) 289-7504
dplayer39@yahoo.com

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: David A. Johnson<br>2515 Myer Hill Drive<br>Cincinnati, OH 45211 | From: Cincinnati Area Office<br>John W. Peck Fed. Bldg<br>550 Main Street, Suite 10-191<br>Cincinnati, OH 45202 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2020-01250 | Mara Smith,<br>Investigator Support Asst | (513) 914-6014 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Melanie L Breen  August 13, 2020

Melanie L. Breen,
Area Office Director

Enclosures(s)  (Date Mailed)

cc: Tamika Lynch, Esq.
Sr. Counsel
SIEMENS CORPORATION
1000 Deerfield Parkway
Buffalo Grove, IL 60089

**Plaintiff's Exhibit A**

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 473-2020-01250 |

**OHIO CIVIL RIGHTS COMMISSION** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MR. DAVID A JOHNSON | (513) 289-7504 | 1967 |

Street Address: 2515 MYER HILL DRIVE, CINCINNATI, OH 45211

US EEOC
CINCINNATI AREA OFFICE
RECEIVED 08/03/20

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| SIEMENS INDUSTRY INC | 501+ | |

Street Address: 4620 FOREST AVENUE, NORWOOD, OH 45212

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-09-2019    Latest: 07-14-2020
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I am an African American who suffers from a disability. I was the only African American employed in the Workshop. I notified Respondent of my need for accommodation upon applying for my position as a Utility Cleaner. Respondent initially approved my accommodation after receiving documentation provided by my doctor. I was later informed by a Caucasian supervisor that I was not permitted to take my medication on company time. During my employment I was harassed by various members of management and subjected to racially charged comments at the hands of my co-workers. After complaining to management on several occasions regarding the way I had been treated, Siemens terminated my employment.

II. Management is responsible for the above discriminatory actions.

III. I believe I have been discriminated and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

KIM S. HOPKINS
Notary Public, State of Ohio
My Commission Expires 09-07-2024

NOTARY - When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 7/31/2020
(month, day, year)