UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID A. JOHNSON,<br>    Plaintiff, | Case No. 1:20-cv-880<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| SIEMENS INDUSTRY, INC.,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

On October 13, 2021, this case was duly noticed for a status/scheduling conference to be held on November 8, 2021 at 4:00 p.m. (Doc. 14). Counsel for defendant appeared. Plaintiff David Johnson failed to appear. Plaintiff also failed to participate in the Rule 26(f) discovery report of the parties despite repeated attempts by defense counsel. (*See* Doc. 13).

On November 9, 2021, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for want of prosecution, failure to participate in the Rule 26(f) discovery report of the parties, and failure to attend the preliminary scheduling conference. (Doc. 15). The Court's Order stated that plaintiff should explain why he failed to attend the preliminary scheduling conference and why he failed to telephone or otherwise communicate with counsel for defendant and the Court to advise them that he would not attend the duly noticed preliminary scheduling conference. (*Id*.). To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to (1) appear at the status/scheduling conference; (2) participate in the Rule 26(f) discovery report of the parties; and (3) respond to the Order to Show

Cause (Doc. 15) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/1/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID A. JOHNSON,            Case No. 1:20-cv-880
    Plaintiff,                           Barrett, J.
                                        Litkovitz, M.J.

vs.

SIEMENS INDUSTRY, INC.,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).